UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| FORREST KENDRID, | No. 2:19-cv-02097-TLN-CKD |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| M. OSMAN, et al., | |
| Defendants. | |

Plaintiff is a civilly committed detainee under California Penal Code § 1026 who is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.[1] Plaintiff has requested leave to proceed in forma and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No 5. As a civil detainee, plaintiff need not provide copies of his prison trust account statements or pay the filing fee. See Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000). Accordingly, the request to proceed in forma pauperis will be granted.

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a

---

[1] Although California Penal Code § 1026 provides that criminal defendants found insane at the time of the offense are committed to the Department of State Hospitals (DSH) for care and treatment, plaintiff does not explain why he is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR).

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

At all times relevant to the allegations in the complaint, plaintiff was a civil detainee housed at the California Medical Facility ("CMF"). On July 3, 2018, defendant Dr. Osman ordered plaintiff to be discharged from the Correctional Treatment Center ("CTC") with the use of a trapeze in his housing unit to accommodate his disabilities. On July 9, 2018, plaintiff injured

himself while using the trapeze to transfer from his bed to the toilet. As treatment for the injuries he sustained, defendant Osman placed 3 sutures in plaintiff's head.

On July 10, 2018, according to plaintiff, defendant Osman transferred him out of the CTC in retaliation for plaintiff's filing of 602 appeals and a civil lawsuit against medical staff at the facility. Defendant Ho, a registered nurse, told plaintiff that she would call defendant Osman and have plaintiff transferred back to the CTC if he dropped his medical 602 appeals. Plaintiff alleges that both of these defendants conspired to improperly discharge him from the CTC.

Plaintiff further contends that defendant Osman's decision to discharge him from the CTC was deliberately indifferent to plaintiff's serious medical needs because plaintiff could not physically care for himself. By way of relief, plaintiff seeks compensatory and punitive damages.

### III. Legal Standards

As a civil detainee, plaintiff is afforded greater constitutional protections than other prisoners pursuant to the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982) (stating that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." (citation omitted)); Jones v. Blanas, 393 F.3d 918, 933-34 (9th Cir. 2004). Courts have commonly applied Eighth Amendment standards to claims made by civil detainees under the Fourteenth Amendment. See, e.g., Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (applying Eighth Amendment standards to evaluate pretrial detainees' Fourteenth Amendment claims).

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

1    Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a
2    finding that "the prison authorities' retaliatory action did not advance legitimate goals of the
3    correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532.
4    The plaintiff bears the burden of pleading and proving the absence of legitimate correctional
5    goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).
6    Also, in order to state a claim for retaliation, plaintiff must point to facts indicating a causal
7    connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d
8    1108, 1114 (9th Cir. 2012).

9    To state a claim for conspiracy under 42 U.S.C. § 1983, plaintiff must plead specific facts
10   showing an agreement or meeting of minds between the defendants to violate his constitutional
11   rights.  Woodrum v. Woodward Cty., 866 F.2d 1121, 1126 (9th Cir. 1989).  Plaintiff must also
12   show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy.
13   Id.  "'To be liable, each participant in the conspiracy need not know the exact details of the plan,
14   but each participant must at least share the common objective of the conspiracy.'"  Franklin v.
15   Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. V. Phelps Dodge
16   Corp., 865 F.2d 1539, 1541 (9th Cir. 1989) ).

17   The federal system is one of notice pleading, and the court may not apply a heightened
18   pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of
19   San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d
20   1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be
21   [sufficient] to raise a right to relief above the speculative level...."  Bell Atl. Corp. v. Twombly,
22   550 U.S. 544, 555 (2007).  A plaintiff must set forth "the grounds of his entitlement to relief[,]"
23   which "requires more than labels and conclusions, and a formulaic recitation of the elements of a
24   cause of action...."  Id.

25   Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the
26   basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the
27   ADA applies to inmates within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524
28   U.S. 206, 208 (1998).  "To establish a violation of Title II of the ADA, a plaintiff must show that

1   (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or
2   otherwise discriminated against with regard to a public entity's services, programs, or activities;
3   and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at
4   1052. "To recover monetary damages under Title II of the ADA, a plaintiff must prove
5   intentional discrimination on the part of the defendant," and the standard for intentional
6   discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th
7   Cir. 2001).

8   **IV.     Analysis**

9       The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A
10  screening, finds that it states a potentially cognizable First Amendment claim of retaliation
11  against defendants Osman and Ho based on his transfer from the CTC as well as a Fourteenth
12  Amendment claim against defendant Osman based on his deliberate indifference to plaintiff's
13  serious health needs.  However, plaintiff has not pled a Fourteenth Amendment deliberate
14  indifference claim against defendant Ho based on her medical treatment.  Plaintiff does not link
15  defendant Ho to any of the doctor's orders concerning his medical treatment before or after his
16  injuries sustained on July 9, 2018.  Therefore, the Fourteenth Amendment claim against
17  defendant Ho is dismissed with leave to amend.

18      The court also finds that plaintiff does not allege sufficient facts demonstrating any
19  cognizable conspiracy claims against defendants Osman and Ho.  Plaintiff's allegations of
20  defendants' involvement in a conspiracy are entirely conclusory.  Plaintiff does not allege any
21  facts that would support an inference of an agreement between defendant Osman and Ho.
22  Accordingly, the court finds that the allegations in the complaint fail to state a cognizable claim
23  against defendants based on a conspiracy to have plaintiff transferred out of the CTC.  These
24  claims are also dismissed with leave to amend.

25      With respect to the ADA claims, plaintiff has not alleged any facts that support a claim he
26  was subjected to intentional discrimination by reason of his disability and excluded from
27  participation in any program or activity.  The treatment, or lack of treatment, concerning
28  plaintiff's medical condition does not provide a basis upon which to impose liability under the RA

or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir.2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir.2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir.2005) (Medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) ("The ADA does not create a remedy for medical malpractice."). Plaintiff's allegations go to the adequacy of the treatment or assistance he was receiving, not to the denial of services because of his disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); see also Bryant, 84 F.3d at 249 ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice."). As a result, he has failed to state a claim against either defendant based on a violation of the ADA and these claims are dismissed with leave to amend.

At this time, plaintiff may elect to proceed on the First Amendment claim of retaliation against defendants Osman and Ho based on his transfer from the CTC as well as a Fourteenth Amendment claim against defendant Osman based on his deliberate indifference to plaintiff's serious health needs; or, in the alternative, he may elect to amend his complaint to attempt to cure some or all of the deficiencies identified in this order with respect to the other claims and defendant. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the remaining claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C.

7

1 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
2 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory
3 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
4 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5 Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
6 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
7 complaint be complete in itself without reference to any prior pleading.  This is because, as a
8 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
9 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12 **V.    Plain Language Summary for Pro Se Party**

13 The following information is meant to explain this order in plain English and is not
14 intended as legal advice.

15 Some of the allegations in the complaint state claims for relief against the defendants, and
16 some do not.  You may choose to file an amended complaint to try to fix these problems.  You
17 must decide if you want to (1) proceed immediately on the First Amendment claim of retaliation
18 against defendants Osman and Ho based on the transfer from the CTC as well as a Fourteenth
19 Amendment claim against defendant Osman based on his deliberate indifference to plaintiff's
20 serious health needs; or, (2) try to amend the complaint to fix the deficiencies identified in this
21 order.  Once you decide, you must complete the attached Notice of Election form by checking
22 only one of the appropriate boxes and return it to the court.  Once the court receives the Notice of
23 Election, it will issue an order telling you what you need to do next (i.e. file an amended
24 complaint or wait for the defendants to be served with a copy of the complaint).  If you do not
25 return this Notice, the court will order service of the complaint only on the claims found
26 cognizable in this screening order and will recommend dismissing the remaining claims with
27 prejudice.

28 In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.
2. Plaintiff has the option to proceed immediately on the First Amendment claim of retaliation against defendants Osman and Ho based on his transfer from the CTC as well as a Fourteenth Amendment claim against defendant Osman based on his deliberate indifference to plaintiff's serious health needs, or plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims.
3. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.
4. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims with prejudice and proceed only on the cognizable claims identified above.

Dated:  April 24, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kend2097.1+option.docx

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST KENDRID,

    Plaintiff,

v.

M. OSMAN, et al.,

    Defendants.

No.  2:19-cv-02097-TLN-CKD

NOTICE OF ELECTION

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the  First Amendment claim of retaliation against defendants Osman and Ho based on his transfer from the CTC as well as a Fourteenth Amendment claim against defendant Osman based on his deliberate indifference to plaintiff's serious health needs.  Plaintiff voluntarily dismisses the remaining claims; or,

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

    _____
    Plaintiff